UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. _____ |
| v. | In Violation of 18 U.S.C. §§ 1343, 1028A (a)(1) and (c)(5), 664, and 1957. |
| JOHN M. HAIRABET, Jr., Defendant. |  |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1.      At all times relevant to this Indictment:

a.      JOHN M. HAIRABET, Jr. ("HAIRABET") was a resident of the District of Rhode Island.

b.      New England Anesthesiologists, Inc. ("NEA") was a Rhode Island corporation which provided medical services in Rhode Island.   T.G.C. , a person known to the grand jury, was the president and sole shareholder of NEA.

c.      HAIRABET was the principal officer and owner of Anesthesia Management Consultants, LLC and later, AMC, LLC, (jointly referred to as "AMC") which provide medical billing and other management services to NEA.

d.      NEA obtained and maintained a line of credit at Bank of America in the amount of $150,000 ("2007 LOC") to assist NEA in the management of its finances.   Upon request, funds were transferred from the 2007 LOC into a Bank of America checking account ending in number 8063 ("BOA #8063") and then available for

disbursement by NEA.

   e.  NEA maintained an operating account at Citizens Bank ending in number 4361 ("NEA Citizens").

   f.  In 2003 NEA started an employee 401(k) pension plan known as the New England Anesthesiologists, Inc. 401(k) Plan ("NEA Pension Plan" or "Plan").

   g.  HAIRABET was responsible for depositing all employee contributions, including employee elective deferrals and any participant loan payments that were withheld from the NEA bi-weekly payroll to the Plan from 2004 through on or about May 1, 2013.   All of the employee contributions to the Plan would otherwise have been payable to the employees directly had they not elected to contribute the money to the Plan.

   h.  HAIRABET was also responsible for billing, collecting, and depositing into NEA bank accounts all of NEA's accounts receivable for medical services provided to its patients.

**Counts 1-7**

**(Wire Fraud)**

**Object and Scheme to Defraud**

   2.  The allegations contained in Paragraph 1 (a-h) above are incorporated by reference.

   3.  From in or about October 2007, and continuing until in or about August 2013, the exact dates being unknown to the grand jury, within the District of Rhode

2

Island and elsewhere, the defendant, JOHN M. HAIRABET, Jr., knowingly and willfully devised and intended to devise a scheme and artifice to defraud and for obtaining money and property owned and belonging to T.G.C., NEA, and its employees, and the NEA Pension Plan, to which he was not entitled, by means of false and fraudulent pretenses, representations, and promises.

### Manner and Means

4.      It was part of the scheme to defraud that defendant, JOHN M. HAIRABET, Jr., without authority, increased the 2007 LOC from $ 150,000 to $500,000, and then drew down on the 2007 LOC and deposited the funds into various bank accounts to cover-up his continuing theft from T.G.C., NEA, its employees and the NEA Pension Plan.

5.      It was also part of the scheme that the defendant would, without authority, deposit accounts receivable payments owed to NEA into AMC bank accounts.   Between October of 2007 and August 12, 2013, HAIRABET stole, embezzled, and converted to his own use $587,218.36, more or less, in accounts receivable rightfully belonging to NEA.

6.      Between January 1, 2012 through December 31, 2012, NEA employees had a total of $246,834 withheld from their bi-weekly paychecks as elective deferrals to be deposited into their Plan accounts.   HAIRABET stole, embezzled, and converted for his own use $120,313 in employee elective deferrals from the NEA operating account into accounts controlled by HAIRABET.

3

### The Execution of the Scheme

7.      On or about the dates set forth below, in the District of Rhode Island and elsewhere, the defendant, JOHN M.HAIRABET, Jr., for the purpose of executing the aforementioned scheme and artifice to defraud and for obtaining money, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as set forth below and representing withdrawals and charges against the 2007 LOC:

| COUNT | DATE (on or about) | AMOUNT |
|:-----:|--------------------|--------|
|       |                    |        |
| 1     | November 13, 2007  | $15,000.00 |
| 2     | January 25, 2008   | $16,650.00 |
| 3     | July 20, 2009      | $1,000.00 |
| 4     | October 15, 2010   | $5,000.00 |
| 5     | September 14, 2011 | $236,000.00 |
| 6     | September 27, 2012 | $88,000.00 |
| 7     | January 31, 2013   | $31,950.00 |

All in violation of 18 U.S.C. § 1343.

## COUNT 8

### (Aggravated Identity Theft)

8.     The allegations made in Paragraphs 1 through 7 above are incorporated by reference.

9.     On or about December 29, 2010, in the District of Rhode Island, and elsewhere, the defendant, JOHN M. HAIRABET, Jr., during and in relation to the commission of wire fraud as charged in Count 5 of this Indictment and in violation of 18 U.S.C. § 1343, did knowingly possess and use without lawful authority, a means of identification of another person, that is, the name of T.G.C., a person known to the grand jury,

All in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5).

## COUNT 9

### (Pension Fund Theft)

10.     The allegations made in Paragraph 1 (a-h) above are incorporated by reference.

11.     On or about diverse dates between January 1, 2012, and December 31, 2012, in the District of Rhode Island and elsewhere, the defendant, JOHN M. HAIRABET, Jr., did embezzle, steal and unlawfully and willfully abstract and convert to his own the use, moneys, funds, securities, premiums, credits, property and other assets of the NEA, Inc. 401(k) Plan, an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with

such plan,

      All in violation of 18 U.S.C. § 664.

## COUNTS 10 and 11
### (Money Laundering )

    12.    The allegations made in Paragraphs 1 through 7 above are incorporated by reference.

    13.    On or about the dates set forth below, in the District of Rhode Island, and elsewhere, the defendant JOHN M. HAIRABET, Jr., did knowingly engage and attempt to engage in the following monetary transactions, as defined in 18 U.S.C. § 1957 (f)(1), in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency and funds , such property having been derived from a specified unlawful activity, that is, wire fraud as charged in Counts 1 through 7 of this Indictment,

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| | | |
| 10 | September 14, 2011 | Check in the amount of $235,525.06 from NEA Citizens to American Funds Investment. |
| 11 | September 26, 2012 | Check in the amount of $85,546.69 from NEA Citizens to Paychex. |

All in violation of 18 U.S.C. §§ 1957(a) and (f).

A TRUE BILL:

REDACTED

PETER F. NERONHA
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney
Criminal Division Chief

Date: September 23, 2015

7